PEOPLE OF PORTO RICO, Plaintiff and Appellee. *v.* LOPE GELY, Defendant and Appellant.

No. 3432.   Argued March 21, 1928.—Decided March 27, 1928.

Antonio J. Amadeo for the appellant.   José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Lope Gely, an ex-policeman of previous good character and reputation, was convicted of carrying a weapon and sentenced to two months in jail.

Gely was assaulted between nine and ten o'clock in the morning while seated in the postoffice at Patillas awaiting distribution of the mail.   He was arrested, together with the assailant, and taken to the police station where at the suggestion of the said assailant he was searched and a razor in its case was found in an inside coat pocket, together with a newspaper and a number of letters and other papers.   Gely made no effort to use or to draw the weapon when assaulted. His assailant admitted on the stand that he had not seen the razor, but said he thought that Gely had it.

Gely testified that he was on his way to a barber shop where he was accustomed to have the razor sharpened every Saturday and that his assailant was aware of this custom because he had used the razor at times when he was in the barber shop.   The barber, Jesús Ildefonso, was called as a

witness, but, curiously enough, was not examined on this point. Neither the barber nor the witness who had assaulted Gely was recalled in rebuttal, and the testimony of the defendant as to the purpose for which he carried the razor stands uncontradicted upon the record. His statement is corroborated indirectly, to some extent at least, by the circumstance that no effort was made to use or to draw the weapon in self-defense when assaulted.

Perhaps the omission on the part of the *fiscal* to offer evidence in rebuttal may be explained by the fact that immediately upon the close of defendant's testimony the court proceeded to find defendant guilty and to pronounce sentence. In so doing the trial judge discussed the alleged illegality of the arrest and of the search made upon arrival at police headquarters, in connection with the question of collateral attack, but makes no mention whatever of the testimony tending to show that defendant was on his way to a barber shop for the purpose of having his razor honed at the time of the arrest and the incidental discovery of the weapon. The last mentioned aspect of the case seems to have been entirely overlooked, or else ignored, by the court below.

In *People* v. *Moll,* 28 P.R.R. 733, it was held, as stated in the syllabus, that—

"The intention of the law that forbids the carrying of arms is to punish a person who carries a prohibited weapon, but not a person who may casually take one in his hand."

In *People* v. *Borges,* 23 P.R.R. 486, speaking of a defendant who in self-defense had slain his assailant, it was said that—

"If instead of sending for the police he had proceeded in person, with the revolver in his pocket, to the nearest police station in order to notify the authorities of what had occurred and to deliver the weapon, he would not have been guilty of the offence charged."

The *fiscal* cites the case of *People* v. *Acevedo,* 34 P.R.R. 439, among others, and recommends a reversal.

Ordinarily, of course, one who is taking a razor to a barber shop for a legitimate purpose would do well not to loiter on the way, about the postoffice or elsewhere, but to proceed directly to his destination. A conclusion reached by the trial judge, after weighing the evidence adduced to show an absence of *mens rea,* unless manifestly erroneous, would not be disturbed on appeal. In the instant case, however, as already pointed out, the question of criminal intent does not appear to have received any consideration in the court below. We are persuaded that the uncontradicted and unchallenged testimony of defendant, supplemented as it is by the day of the week upon which the incident occurred, by the character of the instrument carried by him, by the manner in which it was carried and by the total absence of any attempt to use it as a weapon, notwithstanding the provocation of an assault and battery committed upon his person, suffices to establish a good *prima facie* defense.

The judgment appealed from must be reversed.